■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ORLO F. FAIRFIELD, Appellant.— Appeal from an order of the County Court of Saratoga County denying appellant's application for a writ of error *coram nobis.* Three indictments were found against appellant, one of which (No. 1044) charged him with carnal abuse of a child in violation of section 483-a of the Penal Law in one count; and in another count with placing a child in such a situation as likely to impair its morals in violation of section 483 of the Penal Law. The other two indictments charged similar offenses but alleged their commission on different dates. On arraignment before the Supreme Court in Saratoga County counsel was assigned to appellant by the court, and thereafter pleas of not guilty were entered and the indictments transferred to the County Court. An order for a psychiatric examination of appellant was made pursuant to section 2189-a of the Penal Law, and such examination was had and a report thereof filed with the court. Subsequently appellant appeared in County Court with counsel, withdrew his plea of not guilty to the indictments and entered a plea of guilty to the first count in indictment No. 1044 charging carnal abuse of a child. The record indicates that the plea of guilty was offered and accepted in full and complete satisfaction of the indictments. Whereupon appellant was sentenced to an indeterminate term of imprisonment for a minimum of one day and a maximum for his natural life. Appellant's general contention is that he was innocent of the crime to which he pleaded guilty; and his specific contentions are: (1) that the child involved was over 10 years of age at the time the crime is alleged to have been committed; (2) that he was under duress and forced to enter a plea of guilty. There is not the slightest proof of the latter allegation. As to the first allegation relative to the age of the child the minutes of the Grand Jury proceedings are not before us. The District Attorney says that a birth certificate, introduced in evidence before the Grand Jury, showed that the child was under 10 years of age at the time. Counsel for the appellant, in his statement to the County Court, said the appellant had improper relations with the child from the time she was 6 until she was 10 years of age. Under the circumstances we find nothing in the record to sustain a writ of error *coram nobis.* Appellant complains that he has not been given psychiatric treatment, and while such a complaint is not germane to *coram nobis* we deem it appropriate to say that appellant should be given such treatment. Such is the aim of the statute and such was the intention of the sentencing court. Order unanimously affirmed. Present — Foster, P. J., Bergan, Coon, Herlihy and Reynolds, JJ.